No.   92-411

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

CLAY ROSELLE,

        Plaintiff and Appellant,

    v.

DEBRA CROSS and MONTANA DEPARTMENT
OF SOCIAL AND REHABILITATION SERVICES

        Defendants and Respondents.


APPEAL FROM:   District Court of the Fifth Judicial District,
               In and for the County of Beaverhead
               The Honorable Frank M. Davis, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Clay Roselle, Pro Se, Lima, Montana

        For Respondents:

        Debra Cross, Pro se, Rexford, Montana;
        John McRae, Department of Social and
        Rehabilitation Services, Child Support
        Enforcement Division, Missoula, Montana


Submitted on Briefs:   December 29, 1992

Decided:   January 21, 1993

Filed:

**FILED**

JAN 21 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Plaintiff and appellant Clay Roselle, acting pro se, brought suit on April 23, 1992, in the District Court for the Fifth Judicial District, Beaverhead County. The named defendants in this action were the Montana Department of Social and Rehabilitation Services (Department) and Debra Cross, the mother of a minor child, J.G.R. The Department moved the District Court to dismiss the action against the Department pursuant to Rule 12(b)(6), M.R.Civ.P., for failure to state a claim upon which relief may be granted. The District Court found the complaint filed by Roselle to be nearly unintelligible. In addition, the District Court found Roselle's action to be premature. On July 20, 1992, the District Court dismissed the entire action without prejudice. We affirm.

The only issue on appeal is whether the District Court erred in dismissing Roselle's complaint.

On December 21, 1989, defendant and respondent Debra Cross gave birth out of wedlock to J.G.R. Cross alleges that Roselle is the biological father. The Child Support Enforcement Division (CSED) of the Department became involved in this matter in an attempt to establish the identity of the biological father and to insure, to the extent possible, that support was provided on behalf of the child. The CSED was attempting to fulfill its obligation pursuant to §§ 40-5-202 and -232, MCA. The CSED sent a Notice of Parental Responsibility form to Roselle requesting that he either admit or deny paternity of the child. When Roselle refused to

2

admit paternity, the CSED scheduled an administrative hearing pursuant to § 40-5-233, MCA.

The purpose of the hearing provided for in § 40-5-233, MCA, is to determine if a reasonable probability exists that the alleged father could be the child's natural father. If such reasonable probability exists, the alleged father can be required to submit to paternity blood testing pursuant to § 40-5-234, MCA. If the blood test conclusively shows that the alleged father could not have been the child's natural father, the issue of paternity shall be resolved accordingly. If the blood test does not exclude the alleged father and he continues to deny paternity, the matter is referred to the District Court for trial pursuant to § 40-5-236, MCA.

In the present case, the administrative hearing provided for in § 40-5-233, MCA, has not been held. Prior to the hearing, Roselle filed suit in District Court. Roselle's complaint filed with the District Court contained numerous vague and amorphous grievances. The lengthy complaint raised allegations of fraud and entrapment against Cross. Roselle questioned the true identity of the biological father of the child. Roselle then requested that a custody determination be made by the District Court. Roselle requested a determination of paternity by the Department, while at the same time seeking an injunction against all proceedings by the Department. Finally, after seeking an injunction against the Department, Roselle requested an award of damages against the Department for "lack of action."

3

The District Court, in its findings and order dismissing Roselle's action stated that:

> The record as a whole discloses an ambiguous, uncertain and unintelligible series of grievances. On the one hand, Plaintiff seems to be denying paternity, but on the other hand seeks a determination of visitation and custodial rights. The Court finds that the entire proceeding is premature, and speculative. Plaintiff has failed to exhaust his administrative remedy.

The District Court further stated that:

> The Court's rationale is pretty much set forth in the decision. The Court would only add that the Plaintiff is fortunate that sanctions were not imposed for the institution of frivolous litigation. The fact that Plaintiff acted pro se moved the Court's tolerance in this respect.

> Whatever grievances Plaintiff has can be resolved simply by (a) admitting the father issue and bring the issue of custody, visitations and support to Court by a proper action, or (b) deny that he is the father and submit to the confirming blood test procedure. The dismissal of the case without prejudice fully protects his future grievances, real or imagined.

In light of the complaint filed by Roselle, he is indeed fortunate that sanctions were not imposed for the institution of frivolous litigation. The District Court determined as a matter of law that Roselle's complaint failed to state a claim upon which relief may be granted. We agree. The complaint was not only unintelligible as to the claims asserted, but would be premature in any event. The District Court's dismissal without prejudice of Roselle's complaint is affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public

4

document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

January 21, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


William Clay Roselle
P.O. Box 38
Lima, MT 59739


JOHN McRAE
Department of Social and
Rehabilitative Services
Child Support Enforcement Divison
2501 Catlin, Suite 208
Missoula, MT 59801


Debra Cross
P. O. Box 21
Rexford, MT 59930


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy